NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0188n.06
Filed: March 12, 2007

No. 05-3084

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| PJERIN NDUE LOCAJ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW OF AN |
| | ) | ORDER OF THE BOARD OF |
| ALBERTO R. GONZALES, Attorney | ) | IMMIGRATION APPEALS |
| General, | ) | |
| | ) | |
| Respondent. | ) | |

Before: GIBBONS and McKEAGUE, Circuit Judges; and TARNOW, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Petitioner Pjerin Ndue Locaj, an Albanian,

appeals the denial by the Board of Immigration Appeals ("BIA") of his petition for asylum pursuant

to § 208 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158, voluntary withholding

of removal pursuant to § 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3), and withholding of removal

pursuant to the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 1208.16. For the

following reasons, we deny Locaj's petition for review.

I.

Locaj's petition for asylum arises from an incident in 1949 in which his father, a member of

anti-communist forces, killed Mark Mdue Shkurti, a communist soldier. Locaj claims that in 1958,

_____

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of
Michigan, sitting by designation.

-1-

after the communists came to power, prosecutors investigating the killing tortured his father. Ultimately, the prosecutors found his father innocent because there was no evidence against him.

Locaj alleges that since the abolition of the death penalty in Albania in 1997, individuals have resumed exacting revenge for killings of family members through blood feuds under the medieval Code of Lek Dukagjini. In early 2001, Locaj claims he was notified through an intermediary that Shkurti's family had discovered his then-deceased father's identity and was seeking revenge against Locaj and his family through a blood feud.

Locaj alleges minimal past persecution stemming from his political beliefs. Locaj claims to have been a member of the democratic party since 1991. He testified that he was politically active, made "big" financial contributions, and attended meetings. Despite these claims, Locaj failed to mention his political affiliation when asked on his asylum application. The only mistreatment that Locaj claims to have suffered due to his political beliefs is general ill-treatment by socialists. Specifically, Locaj claims that the reconciliation process to end the blood feud was somehow thwarted by socialists because of his political affiliation. Locaj testified, "It was not because of politics I — I came here. If it was for politics, I could have stayed there, but it's because of the blood feud now, the revenge."

To escape the alleged blood feud, Locaj departed Albania for the United States and submitted an application for asylum. The Immigration and Naturalization Service ("INS") commenced removal proceedings against him. After a hearing, an Immigration Judge ("IJ") denied Locaj's applications for asylum, withholding of removal, and protection under the CAT because the IJ concluded that Locaj lacked credibility, did not belong to a category protected under the asylum statute, and had not demonstrated a well-founded fear of future persecution if he were to return to

today's Albania. The BIA adopted and affirmed the decision of the IJ, and Locaj filed a timely petition for review with this court.

## II.

Where, as here, the BIA expressly adopted and affirmed the IJ's decision, the IJ's decision serves as the relevant focus of review except where the BIA added to that decision. *See Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003); 8 C.F.R. § 1003.1(e)(4). This court reviews the IJ's factual determinations as to whether the alien qualifies as a refugee and as to credibility under a substantial evidence test. *Yu v. Ashcroft*, 364 F.3d 700, 702-03 (6th Cir. 2004); *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir. 1998). Under the substantial evidence standard, the IJ's decision must be "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Koliada v. INS*, 259 F.3d 482, 486 (6th Cir. 2001) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)). The "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Yu*, 364 F.3d at 702.

Where an alien has failed to establish statutory eligibility for asylum, this court need not address the alien's credibility. *See Rreshpja v. Gonzales*, 420 F.3d 551, 556-57 (6th Cir. 2005). The Attorney General may grant asylum to an applicant who is a "refugee" within the meaning of the INA. 8 U.S.C. § 1158(b)(1)(A). The INA defines "refugee" as a person who is unable or unwilling to return to his or her country of nationality because of a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). An applicant can establish that he qualifies as a refugee either by showing that he has suffered past persecution on account of one of the qualifying grounds or that he has a well-founded fear of future persecution on account of one of the qualifying grounds. 8 C.F.R.

§ 1208.13(b).

To establish eligibility for withholding of removal to a designated country, an applicant must show that his life or freedom would be threatened in that country because of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3); *Mikhailevitch*, 146 F.3d at 391. To qualify for withholding of removal, the alien must demonstrate that there is a clear probability — i.e., that it is more likely than not — that he would be subject to persecution if he were to return to the designated country. *Liti v. Gonzales*, 411 F.3d 631, 640-41 (6th Cir. 2005); *Mikhailevitch*, 146 F.3d at 391. Thus, "an applicant seeking withholding of removal faces a more stringent burden than what is required on a claim for asylum." *Pilica v. Ashcroft*, 388 F.3d 941, 951 (6th Cir. 2004). It therefore follows that if an applicant cannot demonstrate that he is eligible for asylum, then he cannot satisfy the more stringent standard for withholding of removal. *Mikhailevitch*, 146 F.3d at 391.

Here, Locaj has failed to allege that he has suffered past persecution or has a well-founded fear of future persecution on account of one of the qualifying grounds. To establish that the persecution is "on account of" the protected ground of his political opinion or social group, Locaj must provide "*some* evidence . . . direct or circumstantial," that his persecutors are motivated by his political opinion or social group. *Elias-Zacarias*, 502 U.S. at 483. As the court has previously noted about Albania, the "culture of blood feud . . . is wholly independent of political activity." *Kalaj v. Gonzales*, 137 F. App'x 851, 855 (6th Cir. 2005) (quoting the same 2001 State Department's Profile of Asylum Claims and Country Conditions relied upon by the IJ in this case). Locaj admitted as much when he testified that he could have remained in Albania if it were a political dispute. Recognizing this, Locaj's counsel argued to the IJ that Locaj qualified on the ground that he was a

member of a social group that follows the Code of Lek Dukagjini. Even assuming this constitutes a meaningfully defined social group, Locaj fails to allege that his membership in this social group motivated any persecution. The Shkurti family is also a member of this social group. In fact, whether Locaj is a member of this social group is presumably immaterial to the Shkurti family's alleged desire to exact revenge for the death of its family member. Therefore, Locaj has failed to allege persecution on account of one of the qualifying grounds required.

An applicant for CAT protection must prove "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). The anticipated torture need not be on account of the applicant's membership in a particular group or his holding of a particular belief. *See* 8 C.F.R. § 1208.18(a)(1). The torture that would arise upon removal, however, must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* Because Locaj failed to allege that the Shkurti family is either acting in an official capacity, or with the consent or acquiescence of a public official, he has failed to allege a valid CAT claim.

III.

For the foregoing reasons, we deny Locaj's petition for review.